## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH SZCZESNIUK      :
61 Montclair Avenue      :
Coatesville, PA  19320      :    Civil Action No.:
     :
     Plaintiff,      :
     :    **JURY TRIAL DEMANDED**
v.      :
     :
US SUPPLY COMPANY, INC.      :
50 Portland Road      :
West Conshohocken, PA  19428      :
     :
     Defendant.      :
     :

## COMPLAINT – CIVIL ACTION

Plaintiff, Joseph Szczesniuk ("Plaintiff") by and through his undersigned counsel file this Complaint against US Supply Co., Inc. and allege as follows:

### INTRODUCTION

1. Plaintiff brings this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964 ("Title VII"), 29 U.S.C. § 2000e, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq.

2. Specifically, Plaintiff contends that Defendant, by and through its agents and/or employees subjected him to retaliation and a hostile work environment.

3. As a result, Plaintiff has suffered damages as set forth herein.

1

**PARTIES**

4. Plaintiff, Joseph Szczesniuk, is a citizen of Commonwealth of Pennsylvania, residing at 61 Montclair Ave. Coatesville PA 19320.

5. Defendant, US Supply Company, Inc. is a Pennsylvania corporation existing under the laws of the Commonwealth of Pennsylvania and maintains a business located at 50 Portland Rd., West Conshohocken PA 19428.

6. At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment and under the direct control of Defendant.

7. At all times material hereto, Defendant has been a " person" and "employer" as defined by Title VII and the PHRA and has been and is subject to the provisions of each said Act.

8. At all times relevant hereto, Plaintiff was an "employee" within the meaning of Title VII and the PHRA.

**JURISDICTION AND VENUE**

9. Plaintiff incorporates paragraphs 1 through 8 of his Complaint by reference as though the same were set forth in full.

10. Plaintiff filed a Charge of Discrimination with the United States Equal Opportunity Commission ("EEOC") (Charge Number 530-2024-0744, as amended by 530-2025-05866) which was duly filed with the Pennsylvania Human Relations Commission ("PHRC") thereby satisfying requirements of 42 U. S. C. 2000(e ) and 43 Pa.C.S. §959.

11. By correspondence dated May 6, 2025, Plaintiff received a Notice of Right To Sue from the EEOC regarding his charge advising plaintiff that he had ninety (90) days to file suit against Defendant.

2

12. Plaintiff timely files this Complaint within the statutory time limit applicable to his Federal and State Law Claims.

13. Plaintiff has therefore exhausted his administrative remedies, complying with all conditions precedent to maintain this action. This is an authorized action pursuant to Title VII of the Civil Rights Act of 1964, 29 U.S.C. §2000(e ) and the Pennsylvania Human Relations Act, 43 P.S.C. §951 at sec.

14. This court has jurisdiction pursuant to 28 U. S. C. §§ 1331 and 1343, as it is a Civil Rights action arising under the laws of the United States.

15. This court has supplemental jurisdiction over Plaintiff's State Law claims pursuant to 28 U. S. C. §1367.

16. The venue in this district is proper pursuant to 28 U. S. C. § 1391 (b) as the unlawful practice of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania in this Judicial District.

## FACTUAL BACKGROUND

17. Plaintiff incorporates paragraphs 1 through 16 of her Complaint as though fully set forth in full.

18. At all material times hereto, Plaintiff was employed by Defendant and remains so employed.

19. Plaintiff's wife, Chelsea Szczesniuk was also employed by Defendant at all material times hereto.

20. During Mrs. Sczcesniuk's employment with Defendant she was subject to sexual discrimination, harassment and a hostile work environment due to conduct of her supervisor, Josh Robinson, also employed by Defendant.

3

21. Due to Mr. Robinson's actions, Ms. Sczcesniuk reported Mr. Robinson to Defendant.

22. Ms. Szczesniuk filed a lawsuit against the Defendant on July 28, 2025, at Docket No. 25-cv-04228.

23. Mr. Szczesniuk, upon learning of the harassment, discrimination and hostile work environment related to his wife, complained to the Defendant.

24. Specifically, Mr. Szczesniuk complaint about Mr. Robinson's inappropriate non-consensual sexual conduct with his wife; that Mr. Robinson's conduct was a pattern of inappropriate and discriminatory conduct toward other female employees and an abuse of power.

25. Plaintiff was led to believe that Defendant would investigate the complaints regarding Mr. Robinson and take appropriate action.

26. Defendant failed to conduct a prompt investigation regarding Plaintiff's complaints.

27. As a result, and after failing to be advised or observe any corrective action taken by Defendant, Plaintiff thereafter submitted complaints regarding the Defendant's failure to act.

28. More specifically, Plaintiff complained that Defendant was protecting Mr. Robinson, rather than hold him accountable; that Defendant created a culture of silence and tolerance for such discriminatory conduct toward its employees; and that other female employees were at risk.

29. Plaintiff likewise expressed frustration that no meaningful investigation or policy enforcement was taken by Defendant.

30. Plaintiff also believes and therefore asserts that Mr. Robinson's discriminatory conduct and Defendant's failure to investigate violated Defendant's policies and procedures against sexual harassment, discrimination and investigations.

31. Following Plaintiff's complaints, he was subjected to repeated forms of retaliation.

32. More specifically, Defendant required Plaintiff to report to Mr. Robinson, the very person about whose conduct he complained to Defendant.

33. Plaintiff suffered from repeated mocking and being labeled a "snitch" by his associates and Mr. Robinson and his family.

34. Additionally, Plaintiff was told by Defendant to "lay low" and "not to take offense" from his co-workers.

35. Plaintiff believes and therefore avers that Defendant, by and through the Human Relations Department, condoned and supported the treatment against him by coworkers.

36. Plaintiff was also denied career advancement opportunities.

37. Plaintiff was also saddled with increased responsibilities and workload and was denied commensurate salary, wages and benefits.

38. As a result of Defendant's retaliatory conduct, Plaintiff was wrongfully perceived as disloyal or problematic.

39. Plaintiff asserts that Defendant's retaliatory conduct, by and through its agents and employees, was intentional and punitive in nature.

40. Upon information and belief, Mr. Robinson was terminated in August 2024 after Mrs. Szczesniuk's complaints of sexual harassment and discrimination to Defendant.

41. The wrongful and retaliatory actions by Defendant commenced as early as 2022 and were continuing in nature.

5

**COUNT I**
**TITLE VII – SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT,**
**AND RETALIATION**
**Plaintiff v. Defendant**

42. Plaintiff incorporates by reference paragraphs 1 through 41 of his Complaint as though set fully set forth in full.

43. The actions of Defendant, through its agents, servants and employees, in subjecting Plaintiff to a hostile work environment and retaliation, constituted a violation of Title VII.

44. Plaintiff complained of Mr. Robinson's conduct and also believed others could be subject to his sexually harassing and discriminatory conduct, yet Defendant failed to take prompt action to investigate to Plaintiff's detriment.

45. Plaintiff believes and therefore avers that his complaints to Defendant about Mr. Robinson's sexually harassing and discriminatory conduct was the motivating factor in permitting the hostile work environment and retaliation.

46. Defendant permitted the retaliatory conduct toward Plaintiff to proceed, again failing to take action; and in violation of Defendant's policies and practices.

47. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff has sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, opportunity for promotion and/or advancement, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

48. As a further direct result of the previously mentioned unlawful discriminatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation and loss of self-esteem.

**COUNT II**
**PHRA –HOSTILE WORK ENVIRONMENT,**
**and RETALIATION**
**Plaintiff v. Defendant**

49. Plaintiff incorporates paragraphs 1 through 48 of his complaint as though fully set forth in full.

50. The actions of Defendant, through its agents, servants and employees, and subjecting plaintiff to a hostile work environment and retaliation, constituted a violation of the PHRA.

51. Plaintiff complained of Mr. Robinson's conduct and also believed others could be subject to his sexually harassing and discriminatory conduct, yet Defendant failed to take prompt action to investigate to Plaintiff's detriment.

52. Plaintiff believes and therefore avers that his complaints to Defendant about Mr. Robinson's sexually harassing and discriminatory conduct was the motivating factor in permitting the hostile work environment and retaliation.

53. Defendant permitted the retaliatory conduct toward Plaintiff to proceed, again failing to act; and likely in violation of Defendant's policies and practices.

54. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of PHRA, Plaintiff has sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon and any opportunity for advancement.

55. As a further direct result of the said unlawful discriminatory employment practices engaged in by Defendant in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation and loss of self esteem

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this court enter judgment in his favor and against the Defendant, and order that:

a) Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful hostile work environment and retaliation.

b) Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable.

c) Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of retaliating against employees for making complaints in the workplace and is to be ordered to promulgate an effective policy against such discrimination/retaliation.

d) Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s)).

e) Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

a) the court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands a trial by a twelve (12) person jury.

BELLWOAR KELLY LLP

By: _____

Sheryl L. Brown, Esquire, I.D. #59313
Attorney for Plaintiff Joseph Szczesniuk
126 W. Miner Street, #1
West Chester, PA  19382
(P): 610.314.7066
sbrown@BellwoarKelly.com